UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **JONATHON HOFFMIRE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 4:16-cv-40 |
| | ) |
| **MIDWEST TUBE MILLS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Jonathon Hoffmire ("Hoffmire"), brings this action against Defendant, MidWest Tube Mills ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA"), as amended.

## PARTIES

2. Hoffmire has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Hoffmire was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Hoffmire was a qualified individual with a disability, had a record of a disability, and/or was regarded as disabled by Defendant.

7. Defendant is an "employer" within the meaning of the ADA.

8. Hoffmire satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge Number 470-2015-02925) with the Equal Employment Opportunity Commission. Hoffmire received his " Notice of Right to Sue" and

now timely files his lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Hoffmire applied for employment with the Defendant in Spring 2015.

11. At all relevant times, Defendant has been aware of Hoffmire's disabilities, record of disabilities and/or perceived/regarded Hoffmire as disabled.

12. Hoffmire was struck by a car in his youth, suffered sports related injuries, and repeatedly injured his shoulder over years of working in the construction industry. His personal physician diagnosed Hoffmire with chronic pain and in 2013 prescribed Buprenorphin to Hoffmire to help manage his pain. Previously, Hoffmire had been prescribed various other pain medications as he and his physician worked to find the best way for him to manage his pain.

13. Hoffmire was told by the Defendant in an interview that he had been hired for the position of general laborer and given a start date in August of 2015. Hoffmire accepted this offer of employment verbally at that interview.

14. Hoffmire is capable of performing the essential functions of the job duties of general laborer.

15. Hoffmire was ordered by the Defendant to take a drug screen as a condition of his employment. Hoffmire voluntarily submitted to the drug screen.

16. Defendant did not inform Hoffmire of any issues related to his drug screen. When Hoffmire later contacted Defendant to check his exact start date, he was informed by Defendant that they had rescinded the offer of employment and could no longer hire Hoffmire.

17. The sole reason Defendant rescinded its offer to hire Hoffmire was because his drug screen returned positive for the drug Buprenorphin.

18. Hoffmire is prescribed Buprenorphin for the sole purpose of managing his

disability. Hoffmire's pain management via Buprenorphin would not have prevented Hoffmire from performing the essential functions of the position of general laborer

19. On information and belief other similarly situated employees who are not disabled, have a record of disability or are not perceived/regarded as disabled have not had their job offers rescinded .

## COUNT I

## DISABILITY DISCRIMINATION– ADA

20. Hoffmire hereby incorporates paragraphs 1-18 of his Complaint.

21. Defendant took adverse employment action against Hoffmire based on his disability, his record of a disability, and/or its perception of him as being disabled.

22. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hoffmire's rights as protected by the ADA.

23. Hoffmire has suffered harm because of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jonathon Hoffmire, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant pay lost wages and benefits to Hoffmire;

2. Defendant pay compensatory and punitive damages to Hoffmire;

3. Defendant pay pre- and post-judgment interest to Hoffmire;

4. Defendant pay Hoffmire's attorneys' fees and costs incurred in litigating this action; and

5. Defendant pay to Hoffmire any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49

Attorneys for Plaintiff
Jonathon Hoffmire

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
	kwilson@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jonathon Hoffmire, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (#7576-49)